## QUITCLAIM ASSIGNMENT OF MORTGAGE

WHEREAS, First Magnus Financial Corporation, an Arizona corporation with a former place of business at 603 N. Wilmot Road, Tucson, Arizona, is the Lender ("**Lender**") on a certain mortgage executed by Lorelle T. Courtois and bearing the date of the Fourth day of June, 2007 and recorded in the Cumberland County Registry of Deeds in Book 25168, Page 287 (the "**Mortgage**");

WHEREAS, pursuant to an Order Granting Appointment of Receiver for First Magnus Financial Corporation entered on September 10, 2021 by the Superior Court of the State of Arizona in and for the County of Pima under Docket No. C20211628 (the "**Order**"), Morrie Aaron was appointed Receiver for Lender, a true copy of which Order is attached hereto as Exhibit A;

WHEREAS, Lender may have certain rights that are described in the mortgage;

WHEREAS, Mortgage Electronic Registration Systems, Inc. ("**MERS**") was designated the mortgagee of the Mortgage as the nominee of Lender and its successors and assigns, and MERS was the mortgagee of record;

WHEREAS, this Quitclaim Assignment of Mortgage is not intended to and does not modify or assign any of the rights, title or interests that MERS had in the Mortgage; and

WHERAS, Lender wishes to convey and assign any and all rights it may have under the Mortgage.

ACCORDINGLY, Lender hereby assigns and quit claims all of its rights, title and interests (whatever that may be, if any), in the Mortgage to Federal National Mortgage Association.

PROPERTY ADDRESS:
17 Romeys Way f/k/a 45 Straw Road, Gorham, ME 04038

*[Signature page follows]*


EXHIBIT F

SIGNATURE PAGE
TO
QUITCLAIM ASSIGNMENT OF MORTGAGE

FIRST MAGNUS FINANCIAL CORPORATION

_____
Morrie Aaron, solely as Receiver for First Magnus
Financial Corporation, and not in an individual or other
Capacity by Order of the Superior Court of Arizona in
And for the County of Pima under Docket No. C20211628

STATE OF ARIZONA
COUNTY OF MARICOPA

Personally appeared before me on this 8th day of September, 2022, the above-named Morrie Aaron in their capacity as Court appointed Receiver of First Magnus Financial Corporation and acknowledged the foregoing to be their free act and deed in said capacity and the free act and deed of First Magnus Financial Corporation.

Ryan M Hill
Notary Public
Maricopa County, Arizona
My Comm. Expires 02-14-25
Commission No. 602450

Type/Print Name: Ryan Hill
Notary Public
My Commission Expires: 2/14/2025

PROPERTY ADDRESS:
17 Romeys Way f/k/a 45 Straw Road, Gorham, ME 04038

**EXHIBIT A**

FILED
GARY L. HARRISON
CLERK, SUPERIOR COURT
9/10/2021 10:21:59 AM
CASE C20211628

AKERMAN LLP
ERIN E. EDWARDS (SBN 035333)
Email: erin.edwards@akerman.com
71 South Wacker Drive, 47th Floor
Chicago, Illinois 60606
Telephone: 312.634.5700
Facsimile: 312.424.1900

Attorneys for petitioner
NEWREZ LLC D/B/A SHELLPOINT
MORTGAGE SERVICING

### IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
### IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| IN RE FIRST MAGNUS FINANCIAL CORPORATION, | No. C20211628<br>Assigned to Hon. Richard E. Gordon<br><br>[PROPOSED] ORDER GRANTING APPOINTMENT OF RECEIVER |

This matter came before the court on petitioner NewRez LLC d/b/a Shellpoint Mortgage Servicing (**Shellpoint**)'s application for the appointment of a receiver over First Magnus Financial Corporation (**First Magnus**). The court received and considered Shellpoint's memorandum and heard counsel's oral arguments. No party has appeared to oppose or contest the appointment of a receiver for First Magnus. After being fully advised in the premises, the court finds Shellpoint has shown good cause for the appointment.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:**

1. Morrie Aaron of MCA Financial Group, Ltd. is hereby appointed as the receiver for First Magnus (the **Receiver**) with the powers and duties specified in this order. The Receiver shall have the authority, but shall not be required, to petition this court for instructions at any time or from time to time. The Receiver may seek to modify

the terms of this order, including by seeking supplemental authority, for good cause shown. The Receiver shall file with this court a written acceptance of this appointment. The Receiver shall serve at the pleasure of the court.

2. The Receiver is authorized to act through and in the name of First Magnus to carry out his duties hereunder. The Receiver is empowered and authorized, but is not required, to execute and deliver (or cause to be executed and delivered) any document in the name of First Magnus, including but not limited to contracts, deeds, other documents of title, and regulatory, administrative, and governmental filings.

3. The provisions of Arizona Rule of Civil Procedure 66(b)(2), pertaining to the duties of a receiver to post a bond are hereby waived. The Receiver shall not be required to post a bond. In lieu of these provisions, the Receiver shall file a report to the court annually from the date of this order, or more often if requested by the court, until the Receiver is discharged by the court.

4. The Receiver is authorized to retain and rely on one or more experts or advisors, including attorneys and other professionals as the Receiver deems necessary in carrying out his duties. The Receiver is authorized to utilized the services of these professionals at their customary hourly rates.

5. Shellpoint shall pay the the Receiver's compensation and expenses. All professionals retained by the Receiver shall submit invoices to the Receiver on a monthly basis. All fees and expenses shall be paid promptly by Shellpoint. In the event of a dispute regarding fees and costs between Shellpoint and the Receiver or his counsel, such dispute shall be submitted to the court for resolution.

6. The Receiver shall have no liability to First Magnus, Shellpoint, their creditors, or any other person for actions taken in good faith pursuant to this order.

7. The Receiver shall not be personally liable for any liability or obligation of First Magnus, its predecessors, successors and affiliates, including prior to or after entry of this order, including, without limitation, contingent or unliquidated liabilities or obligations.

8. All actions of the Receiver shall be presumed to have been made on an informed basis, in good faith, and in the honest belief that such actions taken were in the best interests of the First Magnus. The Receiver shall be entitled to all protection, limitation from liability, and immunity available at law or in equity to a court-appointed receiver, including, without limitation, all protection, limitation from liability, and immunity provided by the indemnification provisions of applicable law and this order.

9. No entity or party may bring any action against the Receiver for his actions or omissions arising out of or related to his duties as Receiver, unless such party or entity shall first apply to this court to show cause before any such action is filed.

Dated: September 10, 2021.



/s/
HON. RICHARD E. GORDON
(ID: 83a15e32-ee52-4cd8-aa66-959808dfa08c)

**COURT NOTICE**

THE ORIGINAL FILER MUST SERVE A COPY OF THIS

[ORDER/NOTICE/JUDGMENT]

ON ALL PARTIES HAVING APPEARED IN THIS CASE

3     CASE NO. C20211628
[PROPOSED] ORDER GRANTING APPOINTMENT OF RECEIVER